UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>     Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>     Respondents. | No. 3:12-cv-00496-HU<br><br>FINDINGS AND<br>RECOMMENDATION |

Charles Williams
1527 W. State Hwy. 114
Suite 500-179
Grapevine, TX 76051

    Pro Se Petitioner

Kathryn Keneally
Assistant Attorney General
Alexis V. Andrews
Email: Alexis.V.Andrews@usdoj.gov
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington D.C. 20044-0683
Telephone: (202) 307-6432
Facsimile: (202) 307-9954

    Of Attorneys for Respondent
    the United States of America

Page 1 - FINDINGS AND RECOMMENDATION

**HUBEL, J.**,

Before the Court is petitioner Charles Williams' ("Williams") petition to quash an Internal Revenue Service ("IRS") third-party summons and respondent the United States' ("the Government") motion to summarily deny Williams' petition to quash.[1]  For the reasons stated herein, the Court recommends (1) denying Williams' petition (Docket No. 1) to quash the IRS' third-party summons; and (2) granting the Government's motion (Docket No. 4) to summarily deny Williams petition to quash.

### *I.  FACTUAL AND PROCEDURAL BACKGROUND*

This action arises from an investigation into Williams' tax liabilities for the 2009 and 2010 tax years.  IRS Special Agent Mike Thornton ("Thornton") was assigned to conduct an examination of Williams' federal income tax liabilities in 2009 and 2010 because Williams did not file income tax returns for these years.  Pursuant to the investigation, Agent Thornton mailed two letters to Williams on August 31, 2011, inquiring as to the non-filed income tax returns.[2]  With this communication, Agent Thornton included Publication 1 ("Your Rights as a Taxpayer"), which informs

---

[1] Williams also filed what appears to be a motion for an extension of time to file an opposition to the Government's motion, nunc pro tunc.  (*See* Docket No. 7.)  This pleading was filed concurrently with Williams' opposition.  Because procedural requirements are liberally construed for pro se litigants, and because the Government did not object to the belated filing, the court will consider Williams' opposition in ruling on the Government's motion.

[2] Thornton's two letters were mailed to the same address provided by Williams on his Petition to Quash IRS Third Party Summons.

Page 2 - FINDINGS AND RECOMMENDATION

taxpayers that the IRS may contact third parties regarding the investigation, and Notice 609 (Privacy Act Notice).

On February 27, 2012, Agent Thornton served an IRS administrative summons on Wells Fargo Bank, directing it to produce "all applications for loans or mortgages made, repayment ledgers for all loans or mortgages (including documentation as to the source(s) of payments) maintained, all checks or other payments instruments reflecting loan payments and/ or deposited into escrow acccounts for, and bank statements, deposit slips, cancelled checks, and all signature cards for accounts over which Petitioner or his wife Pat Williams had signatory or other authority during the period January 1, 2009 through December 31, 2010." (Thornton Decl. ¶ 9.) On that same day, Agent Thornton sent Williams a notice of the issuance of the summons of Wells Fargo, a copy of the summons, and a notice explaining Williams' right to bring a proceeding to quash the summons.

Williams filed his Petition to Quash IRS Third Party Summons on March 19, 2012 (Docket No. 1) and sent copies of his petition, via certified mail, to Agent Thornton and Wells Fargo.[3] On June 6, 2012, the Government filed a Motion to Summarily Deny Petition to Quash (Docket No. 4). After the Government's motion was fully briefed, this Court took the matter under advisement.

## *II. DISCUSSION*

In his Petition, Williams argues, among other things, that the summons of Wells Fargo should be quashed because (1) the IRS did not provide Williams with advance notice that contact with Wells

---

[3] Prior to receiving Williams' petition to quash, Agent Thornton had no indication that Williams had received his letters.

Page 3 - FINDINGS AND RECOMMENDATION

Fargo would be made or with a record of person contacted by the IRS regarding the investigation into Williams' tax liabilities; (2) the summons violates 26 U.S.C. § 7602(d)(2)(A) because there is a pending Department of Justice referral for criminal prosecution; (3) the IRS abused the summons process and failed to satisfy the standard of good faith set out in *United States v. Powell*, 379 U.S. 48, 85 S. Ct. 248, 13 L. Ed. 2d 112 (1964); and (4) the summons violates federal and state privacy laws. The Government asserts that Williams' petition should be summarily denied because the Government has made a prima facie case under *Powell*.

   The IRS is empowered to issue summons "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a). When the subject party of an investigation objects to the issuance of a third-party summons, he may file a petition to quash pursuant to 26 U.S.C. § 7609.

   In order to defeat a petition to quash and compel compliance, the Government must establish that (1) an investigation is being conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with required administrative steps. *Crystal v. United States*, 172 F.3d 1141, 1143-44 (9th Cir. 1999) (citation omitted). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *Id.* at 1444 (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)).

Page 4 - FINDINGS AND RECOMMENDATION

Once the Government has established a prima facie case to enforce the summons, "those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service. . . . Without a doubt, this burden is a heavy one." *Crystal*, 172 F.3d at 1144 (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)). Put another way, "[t]he burden then shifts to the taxpayer to show an abuse of process, e.g., that the summons was issued in bad faith for an improper purpose," *Liberty Fin. Serv. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985), keeping in mind that "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992).

Here, the Government has filed Agent Thornton's declaration (Docket No. 6), which states that the investigation was commenced for a legitimate purpose and the material being sought is relevant to that purpose: "The information and documents [sought from Wells Fargo] are needed to reconstruct Petitioner's income from 2009 to 2010, which is relevant to the determination of Petitioner's correct income tax liabilities." (Thornton Decl. ¶ 10.) The declaration further states "[t]he IRS d[oes] not possess any of the information or documents requested[.]" (Thornton Decl. ¶ 9.) Lastly, Thornton's Declaration indicates that "[a]ll administrative steps required by the Internal Revenue Code for issuance of the summons . . . have been taken," including sending Williams the notices required by 26 U.S.C. § 7609(a). (Thornton Decl. ¶¶ 4-17.) Thus, I conclude the Government has established a prima facie case to enforce the summons based on Agent Thornton's declaration.

Page 5 - FINDINGS AND RECOMMENDATION

*See Action Recycling v. United States*, No. CV-11-00457-JLQ, 2012 WL 695463, at *2 (E.D. Wash. Mar. 1, 2012) (same).

    Williams, however, has failed to meet his *heavy* burden of showing the Government acted in bad faith or issued the summons as an abuse of process. In fact, all of the defenses raised by Williams can be quickly disposed of. First, Williams' petition states: "The Summons . . . should be quashed because [the] IRS failed to give [me] timely notices require by . . . [s]ection 7609(a)(1), *i.e.,* 20 days notice prior to the date set to turn over the records requested." (Pet. Quash ¶ 8.) Section § 7609(a)(1) requires the IRS to notify the taxpayer of any third-party summons (1) within three days after the summons was served on the third-party, and (2) no later than twenty-three days before the date fixed in the summons when records must be produced. According to Agent Thornton, he sent a copy and notice of issuance of the summons via certified mail to Williams' last known address on February 27, 2012, the same day the IRS issued the summons to Wells Fargo. Wells Fargo was not required to produce records pursuant to the summons until March 26, 2012. Because it is clear the IRS complied with § 7609(a)(1), Williams' first defense fails.

    Second, in Paragraph 9 of his petition, Williams argues that the IRS violated 26 U.S.C. § 7602(c), which requires the IRS to provide "reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made," and "periodically provide to a taxpayer a record of persons contacted" during the investigation. 26 U.S.C. § 7602(c)(1)-(2). In this case, Agent Thornton sent Williams two letters on August 31, 2011 -- well before the summons issued on February 27, 2011 -- informing

Page 6 - FINDINGS AND RECOMMENDATION

him that the IRS might contact third parties. The letters informed Williams of his right to request a list of parties that the IRS contacted. Thus, the IRS gave Williams "reasonable notice" under § 7602(c)(1). Williams also argues that the IRS violated § 7602(c)(2) by not providing him a list of all third parties that the IRS contacted pursuant to its investigation. However, the Government was under no obligation to notify Williams under § 7602(c)(2) of its issuance of the summons to Wells Fargo because he already has such notice under 7609(a)(1). *See Peterson v. United States*, 2012 WL 682346, at *4 (E.D. Pa. Mar. 2, 2012) ("A post-contact record under this section need not be made, or provided to a taxpayer, for third-party contacts of which the taxpayer has already been given a similar record pursuant to another statute, regulation, or administrative procedure." (quoting 26 C.F.R. § 301.7602–2(e)(3))). And Williams has not provided any evidence that the IRS contacted any parties other than Wells Fargo.

Third, Williams alleges that the summons was "issued while a referral for criminal prosecution to the Department of Justice is pending . . . in violation of" 26 U.S.C. § 7602(d)(2)(A). Williams' third defense is without merit, seeing as no such referral was pending at the time Agent Thornton issued the summons. (Thornton Decl. ¶ 11.)

Fourth, Williams claims that the IRS is abusing the summons process by issuing multiple summonses in multiple jurisdictions.[4]

---

[4] Presumably, this argument is based on the fact that summonses were previously issued to Wells Fargo and Aurora Loan Services on January 8, 2010, for the tax periods 2005-2008. After Williams and his wife filed a petition to quash in the United States District Court for the Northern District of Texas, the court

Page 7 - FINDINGS AND RECOMMENDATION

However, this argument lacks merits. To quote the *Peterson* court: "Congress has endowed the IRS with expansive information-gathering authority. . . . [Yet,] Petitioner cites no rule of law precluding the IRS from issuing summonses to entities in multiple jurisdictions, and the Court has been unable to find any. Thus, petitioner's fourth defense [fails]." *Peterson*, 2012 WL 682346, at *5 (internal citation omitted).

Fifth, Williams contends that the IRS has failed to meet the "good faith" requirement set forth in *Powell*. The absence of good faith, according to Williams, stems from "the admission of Revenue Agent Thornton, in his declaration, [that] the IRS failed to comply with all administrative procedures." (Pet'r's Opp'n at 3.) This simply is not true. Agent Thornton's declaration unequivocally states that "[a]ll administrative steps required by the Internal Revenue Code for issuance of the summons . . . have been taken." (Thornton Decl. ¶ 17.) Simply put, Williams "has not shown that the IRS's investigation is for any purpose other than to determine tax liability or to 'inquir[e] into any offense connected with the administration or enforcement of the internal revenue laws.'" *Waller v. United States*, 302 F. App'x 656, 657-58 (9th Cir. 2008) (quoting 26 U.S.C. § 7602(a)-(b)).

Sixth, Williams claims the IRS has "caused, or will cause, [his] records to be turned over to Wells Fargo in violation of the Privacy Laws of the United States of America" and the State of Texas," even though the records requested are to be produced by

---

dismissed the petition for lack of jurisdiction because the third-party record-keepers did not reside in that district, and the dismissal was subsequently upheld on appeal.

Page 8 - FINDINGS AND RECOMMENDATION

Wells Fargo, not the IRS. (Pet. Quash ¶¶ 13-14.) Although it is not entirely clear what "Privacy Laws" on which Williams bases his claims, the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 *et seq.*, states: "Nothing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by [the Internal Revenue Code]." 12 U.S.C. § 3413(c). And "the Supreme Court has held that the notice requirements [set forth] in 26 U.S.C. § 7609(a) . . . mitigate any privacy concerns in situation such as this, where the IRS knows the identity of the target of the investigation." *Peterson*, 2012 WL 682346, at *5 (citation omitted). I therefore reject Williams' sixth defense.

Lastly, Williams argues that the IRS violated the Fourth and Fourteenth Amendments to the United States Constitution. The district court disposed of a similar argument in *Moyes v. United States*, 2010 WL 3432246 (E.D. Cal. Aug. 31, 2010), stating:

> The Supreme Court has . . . held that a customer of a bank cannot, on Fourth Amendment grounds, challenge the admission into evidence of financial records obtained by the government from his or her bank. . . . Therefore, [Petitioner] does not have a protected Fourth Amendment right that would be violated by [the third-party]'s compliance with the IRS summons. . . . [Similarly,] the Due Process Clause is not implicated when a federal administrative agency uses its subpoena power to gather evidence against a taxpayer because an administrative investigation adjudicates no legal rights.

*Moyes*, 2010 WL 3432246, at *5 (internal citations omitted). Much the same can be said here.

### III. CONCLUSION

Consistent with the discussion above, the Court recommends (1) denying Williams' petition (Docket No. 1) to quash the IRS' third-party summons; and (2) granting the Government's motion (Docket No. 4) to summarily deny Williams petition to quash.

Page 9 - FINDINGS AND RECOMMENDATION

### *IV. SCHEDULING ORDER*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **February 11, 2013.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **February 28, 2013.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 23rd day of January, 2013.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge